**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RODRICK HOWARD, JR.**                               **CIVIL ACTION**

**VERSUS**                                            **NO. 23-1608**

**DEONDRA HOPSON, ET AL.**                            **SECTION: D (5)**

## ORDER AND REASONS

On May 12, 2023, Deondra Hopson, Prime Insurance Company, and Rey Logistics, Inc. (collectively, "Defendants"), filed a Notice of Removal, asserting that this Court had diversity jurisdiction over Rodrick Howard, Jr.'s car accident claims based upon 28 U.S.C. § 1332.[1]  On May 17, 2023, the Court issued an Order requiring Defendants to file an amended notice of removal to adequately allege the citizenship of the parties and the amount in controversy.[2]  On May 24, 2023, Defendants filed a Motion for Extension of Time and Motion for Leave of Court to Allow Jurisdictional Discovery, requesting an additional 45 days to conduct jurisdictional discovery regarding the amount in controversy and to file their amended notice of removal.[3] Defendants also requested expedited consideration of their Motion.[4]

On May 26, 2023, the Court granted Defendants' request for expedited consideration and set the submission date on the Motion for Extension of Time for June 1, 2023 at 12 p.m. (CST), with any opposition brief due by that same time.[5]  After receiving no opposition brief, the Court granted the Motion on June 1, 2023, and gave

---

[1] R. Doc. 1 at ¶ 1.
[2] R. Doc. 4.
[3] R. Doc. 5.
[4] R. Doc. 6.
[5] R. Doc. 9.

Defendants 45 days from the date of the Order to conduct jurisdictional discovery regarding the amount in controversy and to file a comprehensive amended notice of removal.[6]

When Defendants failed to file an amended pleading or otherwise contact the contact the Court within the 45-day deadline, the Court issued a Show Cause Order on July 18, 2023, ordering Defendants to appear telephonically on Friday, July 21, 2023 at 1:30 p.m. and show cause why they failed to comply with the Court's June 1, 2023 Order and why the matter should not be remanded to state court for lack of diversity jurisdiction under 28 U.S.C. § 1332.[7]

Later that same day, in response to the Court's Show Cause Order, Defendants filed the instant Joint Motion to Remand.[8]  In the Motion, Defendants assert that they propounded jurisdictional discovery upon Plaintiff on June 5, 2023, and that Plaintiff submitted responses to Defendants' Requests for Admission on July 14, 2023, admitting that his damages did not exceed the sum or value of $75,000, exclusive of interest and costs, at the time of removal.[9]  As such, the parties now jointly move to remand this matter back to the state court from which it was removed for lack of subject matter jurisdiction.[10]

Accordingly, because the parties have jointly moved to remand this matter and, importantly, because it appears to the Court that the Motion has merit, **IT IS**

---

[6] R. Doc. 10.
[7] R. Doc. 12.
[8] R. Doc. 13.
[9] *Id.* at ¶¶ 6-7 (*citing* R. Doc. 13-2).
[10] R. Doc. 13 at ¶ 8.

**HEREBY ORDERED** that the Joint Motion to Remand[11] is **GRANTED** and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of diversity subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, July 25, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[11] R. Doc. 13.